# Seward, Appellant, *v.* Pennsylvania Salt Manufacturing Co.

*Contracts—Sales—Market values—Evidence—Other sales—Explanatory evidence—Admissibility.*

In an action for damages for breach of contract for failure to deliver, where the plaintiff was permitted to place in evidence all sales of the product within the period in question, it was not error to permit the defendant to explain that certain of the sales were of special grades for special purposes, having a greater market value than the product contracted for with the plaintiff.

It was also permissible to show the price at which the product had been sold after it had been dehydrated, as having some bearing on the market value of the same product before the water had been extracted; dehydration being a further step in the preparation of the product for use in manufacturing.

Argued October 17, 1922. Appeal, No. 192, Oct. T., 1922, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1917, No. 5548, on verdict for plaintiff in the case of George O. Seward v. Pennsylvania Salt Manufacturing Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court, and in the report of former appeal in 78 Pa. Superior Ct. 319.

Verdict for plaintiff for one dollar and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to grant a new trial.

*L. S. Oliver,* of *Weill & Oliver,* and with him *Clifford Seasongood,* of the New York Bar, for appellant.

*William Findlay Brown,* and with him *Charles B. Downs,* for appellee.

OPINION BY KELLER, J., December 14, 1922:

When this case was here before, (78 Pa. Superior Ct. 319), plaintiff appealed from a judgment upon a verdict for nominal damages directed by the court below. On the retrial the case was submitted to the jury along the lines directed by this court, with the same result. We have carefully examined the assignments of error in connection with the evidence in the case, and find nothing that warrants a reversal of the judgment. We will consider the assignments as grouped in the statement of questions involved.

(1) The contract grew out of the correspondence between the parties and its terms were to be gathered from the letters which passed between them. The correspondence was admissible, therefore, for the purpose of proving the terms of the contract. The record fails to show that any improper use was made of the evidence thus rightly admitted. If it was, another remedy lay open to the appellant. It would not affect the admissibility of the evidence.

(2) The plaintiff contended that the market value of hydrate alumina—the subject-matter of the contract—increased considerably during the period covered by the contract. The defendant denied this, and asserted that it was not greater than the contract price. Testimony was produced in support of both contentions. Owing to the unusual circumstances of the case,—that hydrate alumina could not be imported owing to the war conditions and was produced by only three concerns in this country,—we held that all the sales made by these three producers during the life of the contract might be shown to the jury in order that they might from them determine, if possible, the market value of the product at the respective dates of delivery called for by the contract. It appearing that calcined alumina is precisely the same

product as hydrate alumina, except that some of the water in the latter has been extracted, that it is the same product as plaintiff ordered, advanced only one step further in its use for manufacturing purposes, the court below permitted defendant to show its sale in the open market for less than the price plaintiff had agreed to pay for the same product before it had been dehydrated. In the circumstances of this case we see no error in this ruling. The correspondence showed that plaintiff desired to buy the calcined alumina in the first instance, to save the trouble and expense of extracting the water from the hydrate alumina, and only accepted the latter because the defendant would not agree to furnish the dehydrated product. It was not a different article but the same, (aluminum oxide), with the water extracted, and its market price might be of use to the jury in determining the market value of the same product before the water was taken from it; that the product in its hydrated stage was not of more value in the market than the dehydrated article.

(3) Evidence having been produced by the plaintiff that defendant had sold hydrate alumina to the Macbeth-Evans Glass Co. and other glass manufacturers during the contract period at prices in excess of the price fixed in the contract, it was entirely competent for the defendant to endeavor to counteract the force of this testimony by showing that the product sold to glass manufacturers was a refined article, limited in quantity and differing from the rough material sold plaintiff. It was also competent for it to explain that some sales were in small quantities and that such sales did not govern the prices for carload lots and hundred-ton shipments. The plaintiff was permitted to show every sale made by the producers during the contract period, but this did not preclude the defendant from furnishing explanations, if possible, of the variations in the prices received in those sales. The credibility of the testimony was for the jury.

(4) We cannot agree that the charge of the court was inadequate or laid undue stress on the subject of nominal damages. In our opinion the learned trial judge endeavored to follow the rulings of this court as given in our former opinion and we think that he substantially did so.

(5) The evidence raised an issue of fact which was for the jury. They might have found that the market value of hydrate alumina was, during certain months of the contract period, in excess of four cents per pound; or they might find, that notwithstanding certain sales above the contract price, its market value, based on all the sales, and in quantities approximating the amount covered by the contract, was not in excess of four cents per pound. They adopted the latter finding. It was not unsupported by the evidence and we cannot say that it should have been set aside by the court or that the court abused its discretion in refusing a new trial on that ground.

The assignments of error are overruled and the judgment is affirmed.